UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

In re Application of XPO LOGISTICS, INC. for an
Order Pursuant to 28 U.S.C. § 1782 to Conduct
Expedited Discovery for Use in an Expedited
Foreign Proceeding,

15 MISC 205

ECF Case:

Petitioner.

---------------------------------------------------------------- x

### *EX PARTE* APPLICATION OF XPO LOGISTICS, INC. FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT EXPEDITED DISCOVERY FOR USE IN AN EXPEDITED FOREIGN PROCEEDING

XPO Logistics, Inc. ("XPO") respectfully requests an order in the form attached hereto permitting XPO to obtain certain limited discovery — covering just a ten-week period and relating to a single investment — under 28 U.S.C. § 1782 in connection with a highly expedited French proceeding pending in the Commercial Court of Paris (the "French Action"). In support of its application, XPO submits a Memorandum of Law and attaches the Declarations of Michael Shuster, Bertrand Cardi, and Emmanuel Brochier, and further states as follows:

1.  XPO seeks the assistance of this Court to obtain discovery from hedge funds Elliott Capital Advisors, L.P. ("Elliott Capital"), Elliott Management Corporation ("Elliott Management"), and Elliott Associates, L.P. ("Elliott Associates"), as well as Bank of America Corp. — all of whom reside or are found in New York City. XPO's narrowly tailored requests, set forth in subpoenas attached as exhibits to the Shuster Declaration, relate to a single investment made over a ten-week period. The discovery XPO seeks is currently unavailable in the French Action.

2.      The President of the Paris Commercial Court, after reviewing XPO's claims based on public evidence of Elliott's conduct, entered a provisional injunction order against Elliott on July 8, 2015, prohibiting Elliott from selling certain challenged shares in a French company to any third party other than XPO. This order was entered on an ex parte basis. An adversarial hearing is scheduled for July 23, 2015, at which time the court will consider whether to extend the injunction pending the outcome of the action. While a hearing on the merits of the French Action is scheduled for September 29, 2015, XPO requests expedited discovery here in advance of the July 23 hearing (and for the litigation more generally) to permit XPO to further substantiate its claims and ensure that Elliott cannot cause XPO further harm.[1]

3.      Elliott's conduct was designed to thwart the completion of a tender offer and mandatory squeeze-out process pursued by XPO consistent with French law. On April 28, 2015, XPO announced that it would acquire 66.71% of the outstanding shares of a French corporation, Norbert Dentressangle SA ("ND"), for a substantial premium; that XPO would make a public tender offer for the remaining shares at the same price; and that, pursuant to French law, if the tender results in XPO acquiring 95% of ND shares, XPO would undertake a mandatory "squeeze-out" transaction at the same premium offer price.

4.      Following the announcement of the transaction, the Elliott funds sought to advantage themselves by accumulating control over a 7.55% position in ND shares. The complaint in the French Action alleges that the accumulation of ND shares by Elliott and its intermediaries involved deceptive measures to conceal from the market the actual economic terms and conditions of shares purchased by the Elliott funds, notably through the use of derivative instruments and misleading disclosures, in violation of French law. In the process, the

---

[1]     XPO seeks expedited document discovery in advance of the July 23 hearing and depositions at a mutually agreeable time and location in advance of the September 29 hearing.

complaint further alleges, the Elliott funds hid their true motive, which clearly was and is to block XPO from succeeding in making ND a wholly owned subsidiary through the squeeze-out mechanism contemplated by French law and practice.

5. XPO has already obtained, on an ex parte basis, provisional relief prohibiting Elliott from selling its shares to any third party other than XPO. An adversarial hearing to extend that injunction is set for July 23. XPO seeks this Court's authorization to conduct expedited discovery in advance of the July 23 hearing (and for use in the litigation generally) under 28 U.S.C. § 1782.

6. Section 1782 permits litigants in foreign proceedings to obtain discovery in the United States to assist in the foreign litigation. Section 1782(a) states, in pertinent part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

7. The requirements of 28 U.S.C. § 1782(a) are satisfied here. As explained further in the attached Memorandum of Law: (1) the entities from whom discovery is sought "reside" or are "found" in this District; (2) the discovery sought by XPO is "for use in a proceeding" before a "foreign . . . tribunal"; and (3) XPO is an "interested person" in that proceeding. The discretionary factors a court may consider when evaluating a Section 1782 request also weigh in favor of granting this application. *See Intel Corp.* v. *Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004); *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 80-81 (2d Cir. 2012).

For the foregoing reasons, and for the reasons set forth in the Declarations of Michael Shuster, Bertrand Cardi, and Emmanuel Brochier, and the Memorandum of Law in Support of this Application, XPO respectfully requests that this Court enter an order in the form attached hereto, under 28 U.S.C. § 1782, granting XPO leave to conduct the requested expedited discovery in accordance with the proposed subpoenas attached as Exhibits 1 through 4 to the Shuster Declaration.

WHEREFORE, XPO respectfully requests that this Court grant the application.

DATED: New York, New York
July 10, 2015

HOLWELL SHUSTER & GOLDBERG LLP

By: _____
Michael S. Shuster (mshuster@hsgllp.com)
Vincent Levy (vlevy@hsgllp.com)
Jayme Jonat (jjonat@hsgllp.com)

125 Broad Street, 39th Floor
New York, NY 10004
(646) 837-5151

*Attorneys for Petitioner*