# EXHIBIT 2B

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____

In re Application of XPO Logistics, Inc.   )
*Plaintiff*                                )
v.                                         )   Civil Action No. _____
                                           )
                                           )
_____   )
*Defendant*

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To:  Elliott Management Corporation

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

Matters set forth in the Document Requests in Schedule A

| Place: Holwell Shuster & Goldberg, LLP, 125 Broad Street, 39th Floor New York, NY 10004, or at a mutually convenient location to be agreed upon by the parties in advance of the September 29, 2015 hearing | Date and Time: August 12, 2015 at 9:00 AM, or at a mutually convenient date and time to be agreed upon by the parties in advance of the September 29, 2015 hearing |

The deposition will be recorded by this method: Court Reporter and/or Videographer

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Schedule A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

   *CLERK OF COURT*
                                     OR

_____                    _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* XPO Logistics, Inc. , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

### Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

**DEFINITIONS AND INSTRUCTIONS**

1. The applicable definitions and rules of construction set forth in Local Civil Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts are hereby incorporated herein by reference.

2. In accordance with Federal Rule of Civil Procedure Rule 30(b)(6), You shall designate as Your representative(s) one or more persons who consent to testify on Your behalf, knowledgeable about the Subjects of Examination listed below.

3. The deposition will be recorded stenographically and/or videographically before a notary public or other person authorized by law to administer oaths.

4. "You," "Your," and "Elliott" shall mean Elliott Capital Advisors, L.P. ("Elliott Capital"), Elliott Management Corporation ("Elliott Management"), and Elliott Associates, L.P. ("Elliott Associates"). For the avoidance of doubt, "You, "Your," and "Elliott" shall include any of the foregoing, and any Persons managed by the foregoing (even where they are purportedly acting on behalf of or as a representative or agent of Elliott International, L.P., or The Liverpool Limited Partnership), and any Person acting at the direction and under the control of any of the foregoing, and any Person acting on behalf of the foregoing.

5. "Any," and "all," shall mean any and all.

6. "Communication," shall mean any manner of transmitting or receiving information of any kind, to or from a person, whether oral, electronic, in the form of a document, or otherwise.

7. "Concerning," shall mean directly or indirectly relating to, referring to, reflecting, describing, evidencing, including, constituting, clarifying, elaborating, explaining, interpreting,

supporting, pertaining to the creation, drafting, development, application and/or meaning of, and/or having anything to do with.

8. "Derivative„ shall mean any transaction, derivative, contract or arrangement having the purpose or effect of providing economic exposure to an increase or decrease in the price, return, or safety of a security, or of providing control over the disposition of or voting rights attached to a security.

9. "Document„ shall include all written, printed, typewritten, electronically stored, recorded or graphic matter, photographic matter or sound reproduction, including, without limitation, correspondence, reports, tests, analyses, memoranda, contracts, agreements, notes, notebooks, workpapers, charts, graphs, projections, financial models, diaries, calendars, appointment books, schedules, travel and expense reports, studies, checks, invoices, statements, receipts, bulletins, computer print-outs, e-mails, text and instant messages, interoffice and intra-office communications, applications, tax records, notations of conversations or meetings, transcripts of any kind (including transcripts of conference calls or television appearances), pictures, video and voice recordings and every other data compilation on which or through which information of any type can be obtained, translated if necessary into reasonably usable form, which are in the possession, custody or control of you or Your counsel. "Documents„ shall include originals, all drafts and copies that differ in any respect from the original, and any material recorded on verbal, graphic, computer, telecommunicative, or magnetic form, or any other form capable of being read, heard or otherwise understood. The term "Document„ has the broadest meaning possible, including but not limited to all reasonably available electronically stored information.

10. "Including„ shall mean including but not limited to.

11. "ND„ shall mean Norbert Dentressangle, S.A.

12. "ND Securities„ means any shares of stock (whether common or preferred) or debt (including without limitation bonds, certificates of deposit, or notes) issued by ND and any financial instrument or contract that has a value determined at least in part by the price of any of the foregoing, including, but not limited to swaps, CFDs, futures, and options.

13. "Person„ shall refer to any individual or any entity, including any association, committee, community group, company, firm, partnership, trust, joint venture, corporation, agency, department, bureau, board, or any other legal or business entity.

14. "XPO„ shall mean XPO Logistics, Inc.

15. "XPO Securities„ means any shares of stock (whether common or preferred) or debt (including without limitation bonds, certificates of deposit, or notes) issued by XPO and any financial instrument or contract that has a value determined at least in part by the price of any of the foregoing, including, but not limited to swaps, CFDs, futures, and options.

16. "XPO's Tender Offer„ means the tender offer, commenced by XPO on June 26, 2015 and scheduled to close on July 17, 2015, whereby all other ND stockholders would be allowed to tender their shares at the price of € 217.50 per share.

17. The singular shall be construed to include the plural, and the plural shall be construed to include the singular; the present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense; and, the masculine shall be construed to include the feminine and neuter genders, as necessary, to bring within the scope of this subpoena any information that might otherwise be construed to be outside their scope.

18. The words "and,, and "or,, shall be construed either disjunctively or conjunctively so as to bring within the scope of this subpoena any information that might otherwise be construed to be outside their scope.

19. Unless otherwise indicated in a specific Subject of Examination, the time frame covered by this Schedule shall be April 28, 2015 through the present.

## SUBJECTS OF EXAMINATION

1. Your transactions (whether long or short in nature) in any ND Securities or XPO Securities, or relating to XPO's Tender Offer, including without limitation any contracts, CFD agreements, or understandings related to such transactions, or any trade tickets, confirmations, blotters or other documents reflecting such transactions.

2. Any communications or agreements with third parties regarding ND Securities or XPO's Tender Offer. Third parties include, without limitation, actual or suspected Security holders; actual or potential counterparties, brokers other intermediaries; or XPO or any of its bankers or other representatives.

3. Your plans or intentions with respect to XPO's Tender Offer for ND shares, including without limitation all documents regarding the financing of Your acquisition of the ND Securities, and all documents concerning any valuation of ND Securities.

4. Elliott's document retention policies.