UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
:
In re Application of :
:
XPO LOGISTICS, INC. : Case No. 15 MC 205
:
Petitioner. :
:
------------------------------------x

**DECLARATION OF ROBERT F. SERIO IN SUPPORT OF THE**
***EX PARTE* APPLICATION FOR AN ORDER OF JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782 OF RESPONDENTS ELLIOTT CAPITAL ADVISORS, L.P, ELLIOTT MANGEMENT CORPORATION, AND ELLIOTT ASSOCIATES, L.P.**

I, ROBERT F. SERIO, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am an attorney licensed to practice law in the State of New York and admitted to practice before this Court. I am a partner in the law firm of Gibson, Dunn & Crutcher LLP, which, together with Kleinberg, Kaplan, Wolff & Cohen, P.C., is counsel of record for Elliott Capital Advisors, L.P., Elliott Management Corporation, and Elliott Associates, L.P ("Elliott") in the above-captioned matter. I make this declaration in support of Elliott's *Ex Parte* Application For An Order Of Judicial Assistance Pursuant To 28 U.S.C. § 1782.

2. As set forth in the accompanying motion and in the declaration of George T. Rigo, this motion is submitted *ex parte* due to Elliott's need for discovery from XPO Logistics, Inc. in advance of the hearing before the Paris Commercial Court on Thursday, July 23, 2015 in Paris, France. At that hearing, the French court will consider extending the freezing order enjoining XPO from dissipating the assets of ND or otherwise impairing Elliott's shareholder rights. No previous application for similar relief has been made.

3. On July 10, 2015, this Court granted XPO Logistics, Inc.'s ("XPO") ex parte application for an order pursuant to 28 U.S.C. § 1782 to conduct expedited discovery, specifically through the issuance of four document subpoenas and four deposition subpoenas ("Order"). The document subpoenas were originally ordered returnable at 9:00 AM on July 17, 2015. Dkt. 4.

4. XPO did not effectuate service of the subpoenas on Elliott until late in the day on Monday, July 13, such that several of Elliott's relevant counsel and employees did not learn of the subpoenas until the morning of Tuesday, July 15, thus providing Elliot with just over three days to comply with the Order's document production deadline of 9:30 a.m. on July 17.

5. On the afternoon of July 14, Elliott's counsel met and conferred with XPO's counsel via telephone on a number of issues including, but not limited to, XPO's failure to timely serve the subpoenas, which resulted in a return date for documents of just over three days after Elliott first received the subpoena. Elliott's counsel also stated that, should discovery go forward as a result of the Section 1782 proceeding, Elliott would expect that XPO would consent to reciprocal discovery without the need for a corresponding Section 1782 application to the Court. XPO's counsel failed to address Elliott's concerns.

6. On the afternoon of July 15, Elliott's counsel again met and conferred with XPO's counsel via telephone in an attempt to streamline the discovery requested by XPO and address Elliott's concerns related to the timing of the document subpoenas' return dates. Again, XPO's counsel failed to address Elliott's concerns but gave counsel for Elliott a list of more than 70 search terms it requested Elliott run in the electronic records of more than a dozen custodians in offices across two continents.

7. On the morning of July 16, Elliott's counsel again met and conferred via telephone with counsel for XPO. Counsel for Elliott stated that it continued to be impossible to

2

comply with the subpoenas' July 17 return date. Counsel for Elliott stated that Elliott would be willing to begin production of certain accessible responsive documents on Tuesday, July 21, 2015. Counsel for Elliott also requested that XPO likewise would begin its production of certain materials relevant to the potential claims or defenses of the parties requested by counsel for Elliott on July 21, 2015. Counsel for XPO declined this proposal and declined to provide any relief from the July 17 return date.

8. On July 16, 2015, the Court held a telephonic conference to hear argument on the production of documents. The Court extended the deadline for Elliott's document production to 8:00 AM on Monday, July 20.

9. Attached hereto as Exhibit 1 is a true and correct copy of the proposed document subpoena Elliott seeks to serve on XPO in connection with its action in France.

10. Attached hereto as Exhibit 2 is a true and correct copy of the deposition notices Elliott seeks to serve on XPO in connection with its action in France.

11. Attached hereto as Exhibit 3 is a true and correct copy of an email dated July 17, 2015, sent by me to M. Shuster, V. Levy, and J. Jonat, copying M. McGill, J. Stamelman, D. Parker, and J. Bromberg bearing the subject line "XPO Document Discovery."

12. Attached hereto as Exhibit 4 is a true and correct copy of database entity information on the website of the Department of State of New York for the entity named "XPO Courier, LLP," accessible at http://appext20.dos.ny.gov/corp_public/CORPSEARCH.ENTITY_INFORMATION?p_nameid=4717382&p_corpid=4719409&p_entity_name=xpo%20courier&p_name_type=A&p_search_type=BEGINS&p_srch_results_page=0.

13. A copy of this Application was electronically served on counsel for XPO and XPO's counsel has been advised that I would be appearing in person to seek the requested relief.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on July 20, 2015 at New York, New York.

                                              Robert F. Serio