# EXHIBIT 2

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | | |
|---|---|---|
| In re Application of XPO Logistics, Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 15 MC 205 |
| | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: XPO Logistics, Inc.

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See Attachment A

| Place: Gibson, Dunn & Crutcher, LLP<br>200 Park Avenue, 48th Floor<br>New York, NY 10166 | Date and Time:<br>July 21 or 22, 2015 at 9:00 AM ET |
|---|---|

The deposition will be recorded by this method: See attached Notice

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:

*CLERK OF COURT*

OR

_____     _____
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Elliott Associates, Elliott Capital Advisors, L.P., Elliott Management Corporation , who issues or requests this subpoena, are:
Mark T. Doerr, 200 Park Avenue, 48th Floor, New York, NY 10166; mdoerr@gibsondunn.com; 212-351-4000

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 15 MC 205

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re Application of :
:
: Case No. 15 MC 205
XPO LOGISTICS, INC. :
:
Petitioner. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**NOTICE OF DEPOSITION BY RESPONDENTS ELLIOTT CAPTIAL ADVISORS, L.P., ELLIOTT MANAGEMENT CORPORATION, AND ELLIOTT ASSOCIATES, L.P. OF PETITIONER XPO LOGISTICS, INC. PURSUANT TO FED. R. CIV. P. 30(b)(6)**

PLEASE TAKE NOTICE that, if the Court grants the application of Respondents Elliott Capital Advisors, L.P., Elliott Management Corporation, and Elliott Associates, L.P. ("Elliott") pursuant to 28 U.S.C. § 1782 to take the Rule 30(b)(6) deposition of XPO Logistics, Inc. ("XPO" or "Petitioner"), pursuant to the provisions of Federal Rules of Civil Procedure 26 and 30 and the Local Rules of this Court, Elliott, by and through its counsel, will take the deposition of XPO on Tuesday, July 21, 2015 or Wednesday, July 22, 2015, commencing at 9:00 a.m. at the offices of Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, New York, 10166.

PLEASE TAKE FURTHER NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, XPO is required to designate one or more officers, directors, managing agents, or other persons to testify as to the matters known or reasonably available to Respondent as described more particularly in the attached **ATTACHMENT A.**

PLEASE TAKE FURTHER NOTICE that the deposition will be conducted before a notary public or other person authorized by law to administer oaths, and will be recorded by both stenographic means and audiovisual recording. LiveNote will be used during this deposition,

and the transcript and video recording of the deposition may be transmitted through LiveNote's web streaming feature for real time viewing by counsel for Elliott.

Date:   July 20, 2015

                                                Robert F. Serio
                                                200 Park Avenue
                                                New York, NY 10166-0193
                                                Telephone:  212.351.4000
                                                Facsimile:  212.351.4035

                                                Matthew D. McGill
                                                1050 Connecticut Avenue, N.W.
                                                Washington, DC 20036
                                                Telephone:  202.955.8500
                                                Facsimile:  202.467.0539

                                                David Parker
                                                551 Fifth Avenue, 18th Floor
                                                New York, NY 10176
                                                Telephone:  212.986.6000
                                                Facsimile: 212.986.8866

*Attorneys for Respondents Elliott Capital Advisors, L.P., Elliott Management Corporation, and Elliott Associates, L.P.*

2

**ATTACHMENT A**

**DEFINITIONS**

The definitions and rules of construction set forth in Local Civil Rule 26.3 of the Local Rules of the United States District Court for the Southern District of New York are incorporated by reference into all requests.

1. The term "ND" means and refers to Norbert Dentressangle, and any current and former subsidiaries, affiliates, partners, officers, directors, employees, representatives, agents, and any other person acting, or purporting to act, on their behalf, and any predecessors or successors of the foregoing.

2. The term "ELLIOTT" means and refers to Elliott Associates, L.P., and any current and former subsidiaries, affiliates, partners, officers, directors, employees, representatives, agents, and any other person acting, or purporting to act, on their behalf, and any predecessors or successors of the foregoing, including Elliott Management Corporation, Elliott International, L.P., and Elliott Capital Advisors, L.P.

3. The phrase "concerning" a given subject shall mean, in whole or in part, directly or indirectly, concerning, constituting, containing, embodying, evidencing, showing, comprising, reflecting, identifying, illustrating, stating, referring to, dealing with, commenting on, responding to, describing, involving, mentioning, discussing, recording, supporting, or negating a given subject matter.

4. The term "communication" shall include, without limitation, any written, electronic, or oral correspondence or communication, including any conversation in person, by telephone, by email, by facsimile, by letter, or by any other means. A document or thing transferred, whether temporarily or permanently, from one person to another shall be deemed to

be a communication between such persons whether or not such document or thing was prepared or created by the transferor or addressed to the transferee. For the avoidance of doubt, the term "document" includes any tangible "communication."

     5.     "YOU" and "YOUR" refers to the subpoenaed party, XPO Logistics, Inc. and any current and former subsidiaries, affiliates, partners, officers, directors, employees, representatives, agents, and any other person acting, or purporting to act, on their behalf, and any predecessors or successors of the foregoing, including but not limited to XPO Logistics France.

## INSTRUCTIONS

     1.     The following rules of construction apply to all topics herein:

     a.     The terms "all," "any" and "each" shall each be construed as encompassing any and all.

     b.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

     c.     The use of the singular form of any word includes the plural and vice versa.

     d.     The use of a verb in any tense, mood, or voice shall be construed as the use of the verb in all tenses, moods, or voices, as necessary to bring within the scope of a topic or discovery request all information that might otherwise be construed to be outside of its scope.

     2.     The definitions set forth above shall apply to all topics.

     3.     These topics are sequentially numbered and each numbered paragraph constitutes a single topic. Defined terms may be capitalized for the convenience of the parties; the definitions herein apply whether or not the term is capitalized.

4. Pursuant to Federal Rule of Civil Procedure 30(b)(6), (1) YOU must designate one or more officers, directors, managing agents, or other persons who consent to testify on YOUR behalf; (2) YOU may set out the matters on which each person designated will testify; and (3) the persons designated must testify about information known or reasonably available to the organization.

5. Unless otherwise specified, the relevant time period for these topics is January 1, 2015 through the present.

## MATTERS FOR EXAMINATION

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, if the Court grants ELLIOTT's application pursuant to 28 U.S.C. § 1782 to take the Rule 30(b)(6) deposition of XPO, XPO is required to designate one or more officers, directors, managing agents, or other persons to testify as to the information concerning the following matters that is known or reasonably available to it:

1. YOUR knowledge of and communications concerning XPO's and/or XPO Logistics France, SAS's acquisition of their interests in ND with respect to their rationale and valuation, synergies, post-acquisition integration, and strategy. These would include knowledge of and communications concerning:

   a. reports and presentations to XPO's Board of Directors or its committees (e.g., audit, strategic, or investments);

   b. reports, including structure memos, valuation reports and fairness opinions from financial advisors, and reports from consultants on market dynamics and competitors;

      c. any tax memos prepared for the purpose of evaluating the impact of the contemplated transaction;

      d. any information relating to the financial aspects of the transaction.

2. YOUR knowledge of and communications concerning any actual or contemplated transactions or arrangements between ND or its affiliates and/or subsidiaries, on the one hand, and XPO and its affiliates and/or subsidiaries, on the other hand, including:

      a. mergers, spin offs, transfers of business, companies or assets;

      b. providing products or services to customers of the other party;

      c. transfers of employees;

      d. any proposals regarding any and all changes to the compensation of members of ND's management board and supervisory board after the acquisition, including, without limitation, details of any options, warrants, restricted stock, performance units, and other equity compensation (whether real or phantom) proposed to be provided to any members of the management board and of the supervisory board of ND, and all written instruments with respect thereto (whether letters, term sheets, agreements or other);

      e. use of the XPO trademark, trade name or brand name by ND; and

      f. any related party transactions.

3. YOUR knowledge of and communications concerning any actual or contemplated changes to the compensation of members of the management board of ND and of the supervisory board after the contemplated acquisition of ND, including, but not limited to, details of any options, warrants, restricted stock, and performance units and other equity compensation

6

(whether real or phantom) proposed to be provided to any members of the management board and of the supervisory board of ND.