# Exhibit E

Ramos, J
Pmt, J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
——————————————————————————— x
In re Application of XPO LOGISTICS, INC. for an :
Order Pursuant to 28 U.S.C. § 1782 to Conduct :
Expedited Discovery for Use in an Expedited :
Foreign Proceeding, :
 :
 :
 :
Petitioner. :
 :
 :
 :
 :
——————————————————————————— X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#_____
DATE FILED: 7\10\2015

ECF Case:

15 misc 205

## [PROPOSED] ORDER GRANTING APPLICATION FOR EXPEDITED JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782

THIS CAUSE came before the Court upon the Application of XPO Logistics, Inc. ("Applicant") for Judicial Assistance Pursuant to 28 U.S.C. § 1782 ("Application"). The Court, having considered the § 1782 Application, the supporting materials, and otherwise being fully advised in the premises, finds as follows:

A.  Applicant has met the requirements under 28 U.S.C. § 1782 for granting the requested judicial assistance and relief.

B.  For purposes of the instant Application, Elliott Capital Advisors, L.P., Elliott Management Corporation, Elliott Associates, L.P., and Bank of America Corporation reside or are found in the Southern District of New York.

C.  The discovery sought through this Application is for use in pending foreign proceedings.

D.  The Applicant, in its capacity as a party-litigant, is an interested person within the meaning of the statute.

E.  The discretionary factors described by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004), weigh in favor of granting the requested assistance.

F.  More particularly: (1) at present, the requested discovery appears not to be obtainable through an order from the foreign court; (2) there is no indication that the foreign court would not be receptive to U.S. federal-court judicial assistance as requested in the Application; (3) the Application does not conceal an attempt to circumvent foreign proof-gathering restrictions; and (4) the Application seeks discovery that is not unduly intrusive or burdensome as the evidentiary requests are narrowly tailored both substantively and temporally.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

1.  The Application is **GRANTED**.

2.  Any discovery taken pursuant to this Order will be governed by the Federal Rules of Civil Procedure.

3.  The Applicant's request for leave to conduct discovery including, but not limited to, leave to serve subpoenas in substantially similar form as the form attached as Exhibits 1 through 4 to the declaration of Michael Shuster is **GRANTED**.

4.  The document subpoenas shall be returnable at 9:00 AM on the seventh day following the date of entry of this order.

5.  Elliott Capital Advisors, L.P., Elliott Management Corporation, Elliott Associates, L.P., and Bank of America Corporation are ordered to preserve all relevant and potentially relevant evidence in their possession, custody or control until such time as the Applicant communicates to them that the preservation is no longer necessary or until further order of this Court.

6. The Applicant is further authorized to issue and serve such additional follow-up subpoenas on the aforementioned persons or third parties as may be necessary to obtain the documentary and testimonial evidence for use in the foreign proceedings, as described in the Application.

7. Nothing in this Order should be construed to prevent or otherwise foreclose the Applicant from seeking modification of this Order or leave of Court to serve any additional subpoena on a person or entity.

IT IS SO ORDERED, this 10th day of July, 2015.

_____
UNITED STATES DISTRICT COURT JUDGE