# Exhibit H

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | | |
|---|---|---|
| In re Application of XPO Logistics, Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 15 MC 205 |
| | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                                         KPMG LLP

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See enclosed Attachments A-C

| Place: Kleinberg, Kaplan, Wolff & Cohen, P.C.<br>551 Fifth Avenue<br>New York, NY 10176 | Date and Time:<br>08/03/2015 9:30 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

      The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

                                  *CLERK OF COURT*

                                                                   OR

_____                _____
           *Signature of Clerk or Deputy Clerk*                                                         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Elliott Associates, L.P., Elliott Capital Advisors, L.P. and Elliott Management Corporation , who issues or requests this subpoena, are:

David Parker, 551 Fifth Avenue, New York, NY 10176; DParker@kkwc.com; (212) 880-9880

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 15 MC 205

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 1:15-mc-00205-LGS-SN   Document 29-18   Filed 07/27/15   Page 4 of 12

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## DEFINITIONS

The following definitions apply to the requests below and should be considered as part of each such document request or deposition topic:

1. The terms "YOU" and "YOUR" mean the subpoenaed party and any current and former subsidiaries, affiliates, partners, officers, directors, employees, representatives, agents, and any other person acting, or purporting to act, on their behalf, and any predecessors or successors of the foregoing.

2. The term "XPO" means XPO Logistics, Inc., and any current and former subsidiaries, affiliates, partners, officers, directors, employees, representatives, agents, and any other person acting, or purporting to act, on its behalf, and any predecessors or successors of the foregoing, including but not limited to XPO Logistics France.

3. The term "ND" means Norbert Dentressangle S.A., and any current and former subsidiaries, affiliates, partners, officers, directors, employees, representatives, agents, and any other person acting, or purporting to act, on their behalf, and any predecessors or successors of the foregoing.

4. The term "ELLIOTT" means Elliott Associates, L.P., and any current and former subsidiaries, affiliates, partners, officers, directors, employees, representatives, agents, and any other person acting, or purporting to act, on their behalf, and any predecessors or successors of the foregoing, including Elliott Management Corporation, Elliott International, L.P., and Elliott Capital Advisors, L.P..

5. The phrases "concerning" and "related to" a given subject shall mean, in whole or in part, directly or indirectly, concerning, constituting, containing, embodying, evidencing, showing,

comprising, reflecting, identifying, illustrating, stating, referring to, dealing with, commenting on, responding to, describing, involving, mentioning, discussing, recording, supporting, or negating a given subject matter.

6. The term "document" means any document, electronically stored information, or tangible thing within the context of Federal Rules of Civil Procedure 34(a)(1)(A) and 45, as used in the broadest sense permitted by the Federal Rules of Civil Procedure and the Federal Rules of Evidence, within XPO's possession, custody, or control or that of any of XPO's officers, directors, employees, attorneys, or other agents and/or representatives. The term includes the original (or any duplicate when originals are not available) and any drafts or non-identical copies whether different from the original because of interlineations, receipt stamp, notation of copy sent or received or otherwise, of any communication, book, pamphlet, newspaper clipping, magazine, periodical, letter, report, note, memorandum, video, animation, record, minutes, calendar or diary entry, schedule, meeting invitation, transcript, study, compilation, analysis, tabulation, map, diagram, drawing, engineering drawing, plan, picture, summary, working paper, chart, paper, graph index, data sheet, data processing card, computer printout, summary of a computer printout, tape, contract, agreement, lease, ledger, journal, balance sheet, account, invoice, purchase order, receipt, billing record, financial data, financial statement, file, diary, film, trip tickets, telex, teletype, email, facsimile, or other message, telegram, expense voucher, instruction, bulletin, any handwritten, printed, typed, recorded, or otherwise stored information, and any graph, chart, photograph, computer disk, hard drive, memory card, flash drive, CD, DVD, or other magnetic, optical, electronic media, or other computer-readable media, sound recording, model, prototype, mock-up, blueprint, electronic or mechanical recording of any oral material, or any other writing or recording of information, however produced, transmitted,

recorded, stored, maintained, or reproduced, within XPO's possession, custody or control or that of any XPO's officers, directors, employees, attorneys, or other agents and/or representatives. Each non-identical document is a separate document. For example, non-identical documents include a draft document that has been prepared in several copies which are not identical. Non-identical documents also include original identical copies that are no longer identical by reason of subsequent notation.

7. The term "communication" shall include, without limitation, any written, electronic, or oral correspondence or communication, including any conversation in person, by telephone, by email, by facsimile, by letter, or by any other means. A document or thing transferred, whether temporarily or permanently, from one person to another shall be deemed to be a communication between such persons whether or not such document or thing was prepared or created by the transferor or addressed to the transferee. For the avoidance of doubt, the term "document" includes any tangible "communication."

8. The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request for production inclusive rather than exclusive.

9. The terms "any" and "each" shall be construed to include and encompass "all."

10. The term "including" shall not be construed as limiting any request, and shall mean the same as "including, but not limited to."

11. The use of the term "the" shall not be construed as limiting the scope of any request for production.

12. The singular form of a word shall include the plural and vice versa, as necessary to make the request inclusive rather than exclusive.

## ATTACHMENT B

## INSTRUCTIONS

The following instructions shall govern the response and production of documents:

1. In response to these requests, YOU are required to produce all responsive documents in YOUR possession, custody, or control, including documents in the possession of, or available or accessible to, YOU or any of YOUR agents or attorneys.

2. At the time and place of production of the documents requested herein, the documents requested are to be produced in the same order as maintained in the ordinary course of business and in accordance with Rule 45 of the Federal Rules of Civil Procedure.

3. If YOU object to a portion or an aspect of a Document Request, YOU are required to state the grounds for YOUR objection with specificity within 7 days of these Document Requests and to respond as to any portion(s) of the Document Request concerning which YOU have not propounded such objection.

4. For each document produced, identify the specific Document Request category or categories to which it is responsive.

5. In the event that any document called for by these Document Requests has been destroyed, discarded, otherwise disposed of, or no longer exists, that document is to be identified as completely as possible, including, without limitation, the following information: author(s); addressee(s); indicated or blind-copy recipient(s); date, subject matter; date of disposal; reason for disposal or why it is no longer in existence; method of disposal; person(s) authorizing the disposal; and the person(s) disposing of the document; and last known location.

6. If, with respect to any Document Request there are no responsive documents, so state in writing.

4

7.  YOU shall produce metadata associated with responsive documents and make it reasonably accessible to ELLIOTT, including, but not limited to, producing e-mails that list visible "bcc" recipients and Microsoft Word documents that preserve and reveal any hidden notations, creation or alteration records, and other responsive metadata. This includes metadata that is stored as part of the responsive document, and metadata stored by the file system in which the responsive document is stored. ELLIOTT reserves the right to request the production of native copies of responsive documents where the produced metadata is incomplete.

8.  ELLIOTT is willing to meet and confer with YOU to discuss the logistics of production, but absent an alternative agreement, responsive documents shall be produced in TIFF format with metadata included, subject to the following:

   (a)  responsive documents that cannot be produced in TIFF format due to technical reasons shall be produced in a computer-readable and text searchable format to be mutually determined by the parties; and

   (b)  Microsoft Excel files, Microsoft PowerPoint files, database files, HTML files and other responsive documents that are most conveniently viewed in their native electronic format shall be produced in their native electronic format.

9.  If any documents, or portion thereof, are withheld because YOU claim that such information is protected under the attorney-client privilege, work product doctrine, or other privilege or doctrine, YOU are required to comply with Federal Rule of Civil Procedure 34(b)(5) pertaining to claiming privilege or protection of trial-preparation materials, and/or YOU may provide a privilege log, specifying for each such document or withheld information: (i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author of the document, the addressees of the document, and any

other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other; and (v) a statement of the basis upon which the privilege or work product claim is made.

10. Defined terms may be capitalized for convenience; the definitions herein apply whether or not the term is capitalized.

11. Except where expressly stated, these Document Requests are not limited in any way by geography.

12. Except where expressly stated, the relevant time period for these Document Requests is without limitation.

## ATTACHMENT C

## DOCUMENTS TO BE PRODUCED

1. All documents related to the purpose, rationale, valuation, synergies, post-acquisition integration, and/or strategy involved in evaluating XPO's contemplated acquisition of ND, including but not limited to memoranda, presentations, reports, research, and analyses with respect to the acquisition; reports or analyses, including but without limit to structure memos, valuation reports, fairness opinions, market dynamics reports, or competitors' reports; and any correspondence between You and XPO's or ND's (or their respective affiliates' and/or subsidiaries') management boards, supervisory boards, shareholders, and financial advisors.

2. All documents related to the contemplated acquisition of ND presented to XPO's Board of Directors or its committees, including, but not limited to, memoranda, reports, presentations, and reports or presentations from financial advisors or market experts.

3. All documents related to the financial implications of the contemplated ND acquisition, including but not limited to memoranda, reports, or analysis prepared by XPO or external financial advisors regarding the tax implications of the acquisition.

4. All documents related to or filed pursuant to item 4(c) or 4(d) in the Hart-Scott-Rodino Act notification form or French Foreign investment notification and/or authorization.

5. All documents (whether in draft or final form) related to any transactions, arrangements, or agreements between XPO and ND, with respect to topics, including but not limited to mergers, spin offs, transfers of business, companies or assets; providing products or services to customers of the other party; transfers of employees; use of the XPO trademark, trade name or brand name, including detailed terms and conditions for its use by ND, and any related party transactions.

7

6. All documents related to changes to compensation of members of the management board of ND and of the supervisory board after the contemplated acquisition, including, without limitation, details of any options, warrants, restricted stock, performance units and other equity compensation (whether real or phantom) proposed to be provided to any members of the management board and of the supervisory board of ND, and all written instruments with respect thereto (whether letters, term sheets, agreements or other).