UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
In re Application of XPO LOGISTICS, INC. for an :
Order Pursuant to 28 U.S.C. § 1782 to Conduct   :
Expedited Discovery for Use in an Expedited     :
Foreign Proceeding.                              :
                                                 :   ECF Case: 1:15-mc-00205-P1
                                                 :
                                                 :
                                                 :
                                                 :
                                                 :
                                                 :
                                                 :
                                                 :
---------------------------------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/26/2016

**AMENDED**
STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

WHEREAS, the Court entered an order on July 10, 2015 (the "July 10 Order") in the captioned case (the "Section 1782 Action") granting XPO Logistics, Inc. ("XPO") leave to seek discovery under 28 U.S.C. § 1782 from, among others, Elliott Management Corporation, Elliott Capital Advisors, L.P., and Elliott Associates, L.P. (collectively, "Elliott"), and Bank of America Corporation ("Bank of America");

WHEREAS, XPO has served subpoenas on Elliott and Bank of America seeking the production of documents and other information, and XPO may serve other or additional subpoenas or discovery requests on Elliott, Bank of America, or other third parties;

WHEREAS, XPO has pending an action in the Paris Commercial Court (the "French Action"). *See* Declaration of Bertrand Cardi, at ¶¶ 19-26, *In re Application of XPO Logistics*, No. 1:15-mc-00205-P1 (S.D.N.Y. July 10, 2015), ECF No.. 5, Ex. 22;

WHEREAS, Elliott and XPO request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information produced pursuant to the Court's July 10 Order;

WHEREAS, Elliott and XPO, through counsel, agree to the following terms, which shall be a binding agreement between the parties until the Court approves the proposed order; and

WHEREAS, this Court finds good cause exists for issuance of an appropriate confidentiality order;

IT IS HEREBY AGREED BY THE UNDERSIGNED PARTIES, AND ORDERED BY THE COURT, that any person subject to this Stipulated Confidentiality Agreement and Protective Order (the "Order") — including without limitation Elliott and XPO (including their respective corporate parents, affiliates, successors, and assigns), their representatives, agents, experts and consultants, all persons providing discovery pursuant to the Court's July 10 Order, and all other interested persons with actual or constructive notice of this Order — will adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives ("Receiving Party") from any other person ("Producing Party") any "Discovery Material" (i.e., information of any kind produced or disclosed in connection with the Court's July 10 Order, including without limitation any document reflecting or derived from such information, but excluding (a) information that is already within the possession of the Receiving Party under no obligation of confidentiality, and (b) information that is already lawfully in the public domain) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. Any Producing Party disclosing any given Discovery Material may designate as "Confidential" only such portion of such material as consists of non-public, confidential, personal, business, strategy, proprietary or commercially sensitive information that requires the protections provided in this Order, or if the Producing Party understands that another party or non-party contends that the Producing Party is obligated to keep the Discovery Material confidential ("Confidential Discovery Material").

3. The designation of Discovery Material as "Confidential" for the purposes of this Order shall be made in the following manner:

(a) In the case of documents or any material apart from depositions or other pre-trial testimony, by: (i) stamping or labeling the phrases "Confidential" or "Confidential Treatment Requested" on each page of the Discovery Materials containing confidential information; and (ii) producing for future public use (in the case of court filings) another copy of said Discovery Material with the confidential information redacted; and

(b) In the case of depositions or other pre-trial testimony: (i) by a statement on the record, by counsel, at the time of or immediately following such disclosure, that such testimony shall be treated as "Confidential," thereafter confirmed by written notice, sent by counsel to all parties within seven (7) calendar days after receiving a copy of the transcript thereof, that such testimony (designated by page and line) shall be treated as "Confidential"; or (ii) by written notice, sent by counsel to all recipients within seven (7) calendar days after receiving a copy of the final transcript thereof, that such testimony (designated by page and line) shall be treated as "Confidential". In both of the foregoing instances, counsel for all

    recipients shall direct their staff to stamp "Confidential" on the first page of the original and all copies of the transcript, and on all pages of the original and all pages of the transcript containing any confidential information, after confirmation of such designation in the above-referenced seven-day period for designation. Until the expiration of the seven-day period, the recipients shall treat the entire transcript as Confidential Discovery Material; and

  (c) To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, databases, or programs stored on any device, computers, discs, networks, or tapes) is produced by any party in such form, the Producing Party may designate it as "Confidential" by affixing to such media a label with the "Confidential" legend, and setting forth in a cover letter those documents or portions thereof which are to be accorded confidential treatment.

  4. The term "French Proceedings" as used herein shall include any pending or future proceedings or regulatory investigations in France in which claims are asserted by or against Elliott, Elliott International, L.P., The Liverpool Limited Partnership, or any of Elliott's entities, including but not limited to the French Action.

  5. If at any time before the submission of Discovery Materials in connection with the French Proceedings or any related Section 1782 proceeding in the United States, a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Materials that it previously produced without the appropriate limitation, the Producing Party may so designate such material by so apprising all Receiving Parties in writing. Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential.

6. Nothing contained in this Order will be construed as: (a) a waiver of any right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a waiver of any right to seek additional discovery.

7. The inadvertent production of any document or information during discovery shall be without prejudice to any claim that such material is privileged under the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or doctrine, and no party shall be held to have waived any claims or arguments under the inadvertent production doctrine. If a Producing Party discovers that a privileged document was inadvertently produced, the Producing Party shall so notify the Receiving Party in writing within seven (7) business days of such discovery. Failure to provide such notification within the seven-day period shall result in a waiver of the claim of privilege. If a Producing Party provides notification of inadvertent disclosure, the Receiving Party shall, within seven (7) calendar days, return or destroy all copies of the inadvertently disclosed information, and provide a certification of counsel that all such information has been returned or destroyed, unless the Receiving Party timely moves to compel the production of the Inadvertently Disclosed Information as set forth herein. Within seven (7) calendar days of the notification that such inadvertently disclosed information has been returned or destroyed, the Producing Party shall produce a privilege log with respect to the inadvertently disclosed information. Within seven (7) calendar days of the receipt of such privilege log, the Receiving Party may move the Court for an order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

8. The inadvertent production of any document or information during discovery shall be without prejudice to any claim that such material is not responsive to the subpoenas or

discovery requests made in connection with the French Proceedings or any related Section 1782 proceeding in the United States, or any other agreement between the parties as to the scope of the Discovery Materials. If a Producing Party discovers that a non-responsive document was inadvertently produced, the Producing Party shall so notify the Receiving Party in writing within seven (7) calendar days of such discovery. Failure to provide such notification within the seven-day period shall result in a waiver of the claim of non-responsiveness, and such document may be used in the French Proceedings, or in any proceeding under 28 U.S.C. § 1782 in aid of the French Proceedings. If a Producing Party provides notification of inadvertent disclosure, the Receiving Party shall, within seven (7) calendar days, return or destroy all copies of the inadvertently disclosed information, and provide a certification of counsel that all such information has been returned or destroyed, unless the Receiving Party timely moves to compel the production of the Inadvertently Disclosed Information as set forth herein. Within seven (7) calendar days of the receipt of such notification of inadvertent disclosure, the Receiving Party may move the Court for an order compelling production of the Inadvertently Disclosed Information. The motion shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production. In any such motion, the moving party shall be entitled to use the Inadvertently Disclosed Information.

  9. "Confidential" information may only be used in the French Proceedings, or in any proceeding under 28 U.S.C. § 1782 in aid of the French Proceedings.

  10. Where a Producing Party has designated Discovery Material as Confidential, the Receiving Party (and any other person subject to this Order) may disclose such information only to the following persons:

(a) Individuals at Elliott and XPO, and Norbert Dentressangle SA ("ND") charged with the responsibility for making decisions dealing directly with the conduct of the French Proceedings or any proceeding under 28 U.S.C. § 1782 in aid of the French Proceedings;

(b) insurers, and counsel to the insurers, for XPO, Elliott, and ND;

(c) Outside counsel for XPO, Elliott, and ND in the Section 1782 Action (whether or not counsel of record, and including without limitation Holwell Shuster & Goldberg LLP, Kleinberg Kaplan Wolff Cohen, and Gibson Dunn & Crutcher LLP) or in the French Proceedings, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(d) Third parties engaged by outside counsel, Elliott, XPO or ND to assist in the French Proceedings (or the transactions that are the subject of the French Proceedings) or any related Section 1782 proceeding, including but not limited to experts, consultants, investigators, translators, and professionals retained by Elliott, XPO, or ND and their staff in connection with the aforementioned matters, but only to the extent that such parties have first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(e) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to assist in the Section 1782 Action or the French Proceedings;

(f) any mediator or arbitrator that Elliott, XPO, and ND engage in this matter or that this Court or the French court may appoint, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(g)   as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(h)   any witness who counsel for Elliott, XPO, or ND in good faith believes may be called to testify at a trial or deposition in the French Proceedings or in connection with discovery provided under the July 10 Order, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(i)   any witness who has received a subpoena to testify at a deposition in connection with discovery provided under the July 10 Order, subject to the procedures laid out in subparagraph 11(b) below;

(j)   any person Elliott, XPO, or ND retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with the Section 1782 Action or French Proceedings, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(k)   independent photocopying, graphic production services, or litigation support services employed by the parties or their counsel to assist;

(l)   stenographers engaged to transcribe depositions Elliott, XPO, or ND may conduct in connection with the Section 1782 Action or French Proceedings;

(m)   this Court, including any appellate court, its support personnel, and court reporters, in connection with the Section 1782 Action; and

(n)   any court, tribunal, or other government body before which the French Proceedings are pending, including any appellate court, support personnel, and court reporters.

11. (a) Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 10(d), (f), (h), or (j) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel upon request.

(b) A person wishing to disclose any Confidential Discovery Material to any person referred to in subparagraph 10(i) above (a "Non-Party Witness") shall attach to the subpoena issued to such Non-Party Witness (or otherwise provide to such Non-Party Witness fourteen (14) days in advance of the deposition date if the deposition is scheduled at least fourteen days in advance; otherwise, within reasonable time given the practicality of the schedule): (i) a copy of this Order and (ii) written notice that (w) to the extent the Non-Party Witness is shown any Confidential Discovery Material in the course of his or her testimony, her or she will be bound by the terms of this Order, (x) if the Non-Party Witness has any objection to or wishes not to be bound by this Order, the Non-Party Witness must apply to this Court or to the Court issuing the subpoena to the Non-Party Witness for a protective order excusing the Non-Party Witness's compliance with this Order, (y) a Non-Party Witness who fails to apply for such a protective order prior to the time of his or her testimony shall be deemed to have agreed to be bound by this Order, and (z) if a Non-Party Witness does apply for a protective order pursuant to this subparagraph, the testimony of the Non-Party Witness shall be adjourned until after the court reviewing that application has ruled.

12. A Receiving Party shall not be obligated to challenge the propriety of a "Confidential" designation at the time made, and a failure to do so shall not affect a subsequent

challenge. If at any time the Receiving Party objects to a designation of Discovery Materials as Confidential under this Order, the Receiving Party shall notify the Producing Party in writing. The Receiving Party shall identify the information and state the reason(s) for the objection. Within seven (7) calendar days of the receipt of such notice, the Receiving Party and Producing Party shall meet and confer in an effort to resolve their differences. If the Receiving Party and Producing Party cannot resolve their disagreement, the Producing Party may apply within seven (7) calendar days for a ruling upholding the Producing Party's designation of the Discovery Materials as Confidential. In connection with any such application, the Producing Party shall bear the burden of showing that the information should remain Confidential. While any such application is pending, the Discovery Materials subject to that application will be treated as Confidential until the Court rules. If the Producing Party does not apply to the Court for a ruling upholding the Producing Party's designation of the Discovery Materials as Confidential, the Discovery Materials will no longer be deemed Confidential. Nothing in this Order shall be construed as preventing any party from objecting to the designation of any Discovery Material as Confidential.

13. **Any document proposed to be filed under seal or with redactions shall be submitted in accordance with Individual Rule I.C.3.**

14. XPO and Elliott shall make reasonable best efforts in the French Proceedings to obtain permission from the appropriate courts to file under seal, pursuant to controlling law, any papers that contain Confidential material. Counsel for each party shall provide notice to the other of any application to file Confidential materials under seal in the French Proceedings. Nothing in this Order requires any Receiving Party to guarantee that the courts in France will grant such permission. A decision by any tribunal in the French Proceedings denying any request to file under seal shall not restrict the Receiving Party's ability to use such information in the French Proceedings.

15. If a Receiving Party receives a subpoena or other compulsory process seeking the production or other disclosure of Confidential Discovery Material produced or designated as "Confidential" by a Producing Party other than the Receiver (collectively, a "Demand"), the Receiver shall give written notice (by hand, email, or facsimile transmission) to counsel for the Producing Party (or Producing Parties) within three business days of receipt of such Demand (or if a response to the Demand is due in less than three business days, at least 24 hours prior to the deadline for a response to the Demand), identifying the Confidential Discovery Material sought and enclosing a copy of the Demand, and must object to the production of the Confidential Discovery Material on the grounds of the existence of this Order. The burden of opposing the enforcement of the Demand will fall on the Producing Party. Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Order to challenge or appeal any order requiring production of Confidential Discovery Material covered by this Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court or any other court. Compliance by the Receiving Party with any order

directing production pursuant to a Demand of any Confidential Discovery Material will not constitute a violation of this Stipulation.

16. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

17. Within ninety (90) days of the final disposition of the French Proceedings (including all appeals) all recipients of Confidential Discovery Material must either return it (including all copies thereof) to the Producing Party, or destroy such material (including all copies thereof), *provided that* Confidential Discovery Material stored on backup tapes or other static media that also contains information not relating to the French Proceedings need not be returned or destroyed. In either event, by the 90-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material, except as provided in the preceding sentence. Notwithstanding this provision, the attorneys that Elliott and XPO have retained in connection with the French Proceedings or any related Section 1782 action in the United States may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies or backup tapes or other static media not returned or destroyed that contain or constitute Confidential Discovery Material shall remain subject to this Order. Notwithstanding the provisions of this paragraph, the attorneys that Elliott and XPO have retained for the French Proceedings or any related Section 1782 action in the

United States may also preserve documents to the extent necessary to comply with any applicable French law, regulation, or rule.

18. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

19. This Order will be a binding agreement between the parties until the Court approves the proposed order.

20. The parties agree that any unauthorized dissemination or use of the Confidential Information shall result in irreparable damage to the Producing Party for which there is no adequate remedy at law. Therefore, in the event of any breach of this Order, the Producing Party shall have the right, without limiting any other rights or remedies at law or in equity, to seek an immediate injunction enjoining such breach. In addition, the parties expressly acknowledge that the Court may, in its discretion, award such other and further relief as the Court may deem appropriate.

21. After entry of this Order, any party found in violation of its terms may be held in contempt of Court and may be liable for all damages caused by or resulting from such violation.

22. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

This Amended Protective Order supersedes the Protective Order dated July 22, 2015, at Docket No. 13.

Dated: April 26, 2016
       New York, New York

SO ORDERED

HON. LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

SO STIPULATED AND AGREED.

| HOLWELL SHUSTER & GOLDBERG LLP | GIBSON, DUNN & CRUTCHER LLP |
|---|---|
| By: *Vincent Levy* by NP | By: *Robert F. Serio* by NP |

Michael S. Shuster (mshuster@hsgllp.com)
Vincent Levy (vlevy@hsgllp.com)
Jayme Jonat (jjonat@hsgllp.com)

125 Broad Street, 39th Floor
New York, NY 10004
Tel: (646) 837-5151

*Attorneys for XPO Logistics, Inc.*

Robert F. Serio (rserio@gibsondunn.com)
Jeremy W. Stamelman (jstamelman@gibsondunn.com)
200 Park Avenue
New York, NY 10166-0193
Tel: (212) 351-4000
Fax: (212) 351-4035

Matthew D. McGill (mmcgill@gibsondunn.com)
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel: (202) 955-8500

- and –

KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.

By: _____

David Parker (DParker@KKWC.com)
Joshua K. Bromberg (JBromberg@KKWC.com)
551 Fifth Avenue
New York, New York 10176
Tel: (212) 986-6000
Fax: (212) 986-8866

*Attorneys for Elliott Management Corporation, Elliott Associates, L.P. and Elliott Capital Advisors, L.P.*

Dated: 7/22/15

SO ORDERED

_____
United States District Judge
Judge Marrero Abrams
Part I

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
—————————————————————— x
In re Application of XPO LOGISTICS, INC. for an :
Order Pursuant to 28 U.S.C. § 1782 to Conduct :
Expedited Discovery for Use in an Expedited :
Foreign Proceeding.                            :         ECF Case: 1:15-mc-00205-P1
                                               :
                                               :
                                               :
                                               :
                                               :
                                               :
—————————————————————— x

## NON-DISCLOSURE AGREEMENT

I, _____, acknowledge that I have read and understand the Stipulated Confidentiality Agreement and Protective Order in the Discovery Process governing the use and disclosure of Discovery Material that has been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes the French Proceedings (or any related 1782 action) and that at the conclusion of the relevant litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Stipulated Confidentiality Agreement and Protective Order could subject me to civil liability or punishment for contempt of Court.

Dated: _____        _____