UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                 :
In re APPLICATION OF XPO LOGISTICS, INC., :
                                                 :
                                   Petitioner. :
                                                 :
                                                 :
                                                 :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 06/22/2016

15 Misc. 205 (Part I)

<u>ORDER and OPINION</u>

LORNA G. SCHOFIELD, District Judge:

       Respondents Elliott Capital Advisors, L.P., Elliott Management Corporation and Elliot Associates, L.P. (collectively "Elliott") object to the Order dated January 8, 2016, issued by the Honorable Sarah Netburn ("Discovery Order") and the Order dated March 10, 2016, denying Elliott's motion for reconsideration of the Discovery Order. Because the Discovery Order is neither clearly erroneous nor contrary to law, Elliott's objection is overruled.

## BACKGROUND

       This Order assumes familiarity with the facts of the underlying dispute and discusses only those facts relevant to the objection before the Court. Petitioner XPO Logistics, Inc. ("XPO") is an American logistics company. The dispute arises out of Elliott's apparently successful effort to thwart XPO's attempt to acquire all of the shares of Norbert Dentressangle ("ND"), a French holding company specializing in transportation and logistics. XPO announced the proposed acquisition of ND on April 28, 2015. Elliott, an ND shareholder with a substantial minority position, attempted to block XPO's acquisition of ND.

### The French Proceeding

       First XPO, and then Elliott, commenced proceedings in Paris Commercial Court, on July 8 and July 16, 2015, respectively, in connection with the proposed acquisition. The actions were

subsequently consolidated.  XPO asserts that Elliott illegitimately obtained its interest in ND with an improper "greenmail" motive.  Elliott alleges that XPO wrongfully dismantled ND and misappropriated its assets to the detriment of ND and its minority shareholders and that XPO made misrepresentations in its tender offer materials.  On July 16, 2015, Elliott obtained an order restraining XPO from carrying out its transactions with ND until the transactions could be evaluated, in order to protect ND and its shareholders from being unduly deprived of value.  On September 29, 2015, XPO filed a claim in the French proceeding for monetary damages arising from the tax costs resulting from XPO's inability to acquire 100 percent of ND stock.  These actions remain pending.

**Proceedings Before This Court**

The matter first appeared in this Court on July 10, 2015, with XPO's ex parte application to conduct discovery for use in the French proceeding pursuant to 28 U.S.C. § 1782.  Another similar application followed on July 27, 2015.  On August 5, 2015, XPO was ordered to produce certain documents in aid of the French proceedings.

On September 4, 2015, Elliott requested, among other things, an order compelling XPO to produce five categories of documents that XPO had withheld or sought to withhold from its document production: tax consolidation; the financial implications of XPO not reaching 95 percent ownership of ND; XPO's public relations strategy post-integration compensation information; and intercompany indebtedness.  At a conference held on September 14, 2015, and in a written order issued the same day, this Court denied Elliott's motion to compel discovery of the five categories of documents without prejudice to renewal at such time that Elliott could explain the withheld discovery's relevance to Elliott's as yet unfiled claims and defenses in the French proceeding.

On October 28, 2015, this Court made a general referral of this matter to Judge Netburn without any specific instructions.

**The Discovery Order at Issue**

On October 27, 2015, Elliott renewed its application for discovery relating to the five foregoing categories of withheld discovery pursuant to 28 U.S.C. § 1782.  On January 8, 2016, Judge Netburn issued the Discovery Order.  The Discovery Order notes that, at the same time that Elliott is applying to the U.S. court for discovery, Elliott is seeking the identical documents through a discovery process in the French proceeding.  The Discovery Order grants Elliott's application with respect to information concerning XPO's actual tax costs, for which it seeks compensatory damages in the French proceeding, but stayed discovery pertaining to the remaining four categories pending the resolution of the discovery process in the French proceeding.

On January 25, 2016, Elliott moved for reconsideration of the Discovery Order.  On March 10, 2016, Judge Netburn denied the motion for reconsideration.  On March 25, 2016, Elliott objected to the Discovery Order.  That Objection is the subject of this Order and Opinion.

**STANDARD**

When a party timely objects to an order on a nondispositive pretrial matter issued by a magistrate judge, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).

**DISCUSSION**

**I.      The Objections are Untimely**

Rule 72(a) provides that an objection is timely if served and filed within 14 days. Elliott filed its objection on March 25, 2016 -- 15 days after the order denying the motion for reconsideration. Elliott attempted to file on March 24, 14 days after the order, but this filing was rejected because it was filed improperly. The notice to refile was docketed on March 25, 2016. Therefore, the objection is untimely. For this reason alone the Objection is overruled.[1]

**II.     The Discovery Order Is Not Clearly Erroneous or Contrary to Law**

The findings of fact on which the Discovery order rests are supported by the record and are not clearly erroneous or contrary to law. In considering Elliott's application pursuant to 28 U.S.C. § 1782, Judge Netburn turned first to the text of the statute and to the Second Circuit's construction of the statute to determine whether its requirements had been met. She then properly applied the discretionary factors articulated by the Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004).

Elliott contends that describing its request to appoint a court expert in the French proceeding as "a discovery process" through which the documents sought by Elliott would be produced is clearly erroneous, because that request is not a request for the production of documents. Based on the record, it was not clearly erroneous for the Discovery Order to conclude that Elliott's request to appoint a court expert is directed ultimately to assist in the production of documents. Similarly, the record supports the conclusion that the same documents are sought in this proceeding and in the French proceeding through discovery process in question, the appointment of a court expert.

---

[1] In the future, counsel would be wise to file in advance of any deadline to avoid prejudice in the event the filing is rejected.

The Objection is incorrect that Judge Netburn's misinterpreted or misapplied the September 14 Order. Neither that Order nor the referral order to Judge Netburn, required her to make a relevance inquiry and nothing more. Rule 26 allows discovery only when it is both relevant to a claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). This Court addressed only relevance in its prior ruling and did consider proportionality or any of the *Intel* considerations. *Id*. The denial of Elliott's request was made without prejudice to renewal because Elliott had not yet asserted its counterclaims and defenses in the French proceeding. Therefore, no discovery was warranted as being relevant to those claims and defenses. Even if discovery had been permissible, relevance would have been impossible to determine without knowing Elliott's claims and defenses.

Furthermore, it is not contrary to law to stay discovery, as Judge Netburn possesses "the power to stay proceedings [because it] is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012). Addressing only one of the five categories of withheld documents was within Judge Netburn's discretion, and declining to resolve the other four categories in the Discovery Order was not an abuse of that discretion.

Elliott further objects that the Discovery Order was contrary to law because it imposes a foreign discoverability requirement and a foreign exhaustion requirement. First, Elliott misapplies Second Circuit law when it categorizes the Discovery Order as contrary to law. Elliott relies upon cases in which an application under 28 U.S.C. § 1782 was denied. *See, e.g.*, *Mees v. Buiter*, 793 F.3d 291 (2d Cir. 2015) (holding that district court improperly denied application where requested discovery was not discoverable in foreign proceeding); *Euromepa*

*S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095 (2d Cir. 1995) (holding that district court improperly denied application where petitioner failed to exhaust foreign discovery mechanisms). The Discovery Order does not deny Elliott's application, but rather grants it in part and stays consideration of the remaining requests in the application pending progress in the French proceeding.

Contrary to Elliott's argument, the Discovery Order imposes neither a foreign discoverability requirement nor a foreign exhaustion requirement. The decision to delay consideration of Elliott's request pending progress in the French proceeding is not, as Elliott contends, a foreign discoverability requirement or a foreign exhaustion requirement. *Buiter*, 793 F.3d 291 at 303, holds that "district judges may well find that in appropriate cases a determination of discoverability under the laws of the foreign jurisdiction is a useful tool in their exercise of discretion under section 1782," but that this does not "authorize denial of discovery pursuant to § 1782 solely because such discovery is unavailable in the foreign court." *Id.* The Discovery Order is consistent with this holding. The Discovery Order does not deny discovery; instead it stays consideration of the requested discovery until the French proceedings advance sufficiently to consider "foreign discoverability (along with many other factors) when it might otherwise be relevant to the § 1782 application." *Id.* at 303 (quoting *Metallgesellschaft AG v. Hodapp*, 121 F.3d 77, 79 (2d Cir. 1997)).

Similarly, staying consideration of Elliott's application does not create a foreign exhaustion requirement. It is undisputed that 28 U.S.C. § 1782 permits denial of an application for discovery on the basis that the requested discovery is unreasonably duplicative. *See Buiter*, 793 F.3d at 299 n.10 (noting that request unreasonably seeking cumulative materials would provide grounds for discretionary denial); *Application of Esses*, 101 F.3d 873, 876 (2d Cir. 1996)

(noting that district court's order for discovery was not unduly burdensome or duplicative in affirming).  If a parallel discovery proceeding in the foreign proceeding could render an application duplicative, prohibiting a court from waiting to resolve an application until that discovery proceeding progresses would undermine the court's discretion to determine whether an application is unreasonably duplicative.

## CONCLUSION

Because the Objection was untimely filed, and because the Discovery Order is neither clearly erroneous nor contrary to law, Elliott's objection is OVERRULED.

Dated: June 22, 2016
       New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**